LAMBOY, PLAINTIFF AND APPELLANT, *v.* SOLO ET AL., DEFENDANTS AND APPELLEES.

Appeal from the District Court of Mayagüez in an Action for Annulment.

No. 2458.—Decided July 26, 1921.

EVIDENCE — OCULAR INSPECTION. — Although the results of an ocular inspection made with notice and in the presence of both parties are not reduced to writing, if they are stated in the findings of fact the purposes of the law are complied with.

The facts are stated in the opinion.

*Mr. F. Otero Rivera* for the appellant.

*Mr. J. Sabater* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

We agree with the appellee that while the appellant assigns two errors, one of law and one of fact, the whole case really turns on questions of fact,—in other words, whether

the judgment was justified by the evidence. Incidentally appellant objects to the court's making an inspection without reducing it to regular form, but the result of this inspection is clearly stated in the findings of the court. Such inspection was made with the consent of both parties, and if the appellant had wished that the results thereof should have been incorporated into the statement of the case or bill of exceptions or made in other form, she should have made the request to the court below. We incline, however, to the view that the incorporation of the inspection in the findings complied with the law.

The findings of the court were as follows:

''On November 30, 1920, this case was called for trial, the plaintiff appearing by attorney Francisco Otero Rivera and the defendants by attorney José Sabater who announced that they were ready for trial and thereupon the trial was proceeded with.

''The court, after hearing the pleadings and evidence introduced and at the request of the attorneys for both sides, ordered an ocular inspection of the lot and house in dispute and this was made on ———— day of ————, 1921, in the presence of the court and the attorneys for the parties, and the case having been submitted for decision, the court reserved its decision until today, ———— of February, 1921, when it finds that the following facts were shown:

''1. That on March 31, 1915, Monserrate Cintrón, the wife of Pedro Arán, created a mortgage in favor of defendant Antonio Solo Bolet on the following property:

'' 'A house and lot with roof and balcony situated on Oriente Street of this city, 10.03 mts. in front by 14.23 mts. in depth, with a lot 12.53 mts. in front by 15.04 mts. in depth; bounded on the (north) south by a house and lot of Amalia Arroyo, formerly of Juana Badía; on the left by a house of Teresa Matí, formerly of Agustín Ibern, on the north; on the back or east by said Ibern, formerly lands of Eugenio Cuevas, and on the front by Oriente Street on which it is situated.'

''The area of the lot according to estimates is of 188.45 mts. and 13 milimeters.

''2. That by a deed of April 19, 1918, executed before notary Mariano Riera Palmer, Monserrate Cintrón sold to Julio Otero Ri-

vera the aforesaid property as of the same description, boundaries and measurement and in the said deed it was recited that a mortgage in favor of defendant Antonio Solo Bolet for the amount of $800 is created on the same property, the sale having been recorded in favor of the purchaser, Julio Otero, in the Registry of Property of Mayagüez at folio 124, volume 105 of Mayagüez, property No. 1493, entry 23, with a curable defect that no mention is made as to the area of the lot.

"3. That by a deed of June 27, 1918, the said Monserrate Cintrón sold to plaintiff Teresa Lamboy before notary Mariano Riera Palmer the following property:

" 'A lot situated in the ward of Salud, on Oriente Street of this city, bounded on the north by property of Teresa Mató and Agustín Ibern; on the south by other property of Adolfo Robert; on the east by property of said Robert and Dolores Ortiz, and on the west by a house and lot of Monserrate Cintrón. It measures 12.53 mts. in front by 19.34 in depth.'

"The deed of purchase was recorded in the Registry of Property of Mayagüez at folio 224 of volume 115 of Mayagüez, property No. 4531, second entry, with a curable defect that no mention is made as to the area of the lot.

"4. That by a deed of August 10, 1920, before notary José Sabater, the property described in the first paragraph of these findings, inasmuch as the house located on the lot had been destroyed by the earthquake of October 11, 1918, had been adjudicated by its owner, Julio P. Castro, in payment of a part of the said mortgage to defendant Antonio Solo Bolet.

"5. That Antonio Solo Bolet, the defendant, brought before this court a proceeding to establish a dominion title, which was approved, to the following property:

" 'A lot situated on Oriente Street of this city with an area of 269.77 mts. and bounded on the north by a house and lot of Teresa Matós; on the south by a lot of Adolfo Robert, now his suscession; on the east by lands of the Succession of Eugenio Cuebas; on the west by a lot of the petitioner, Antonio Solo.'

"The defendant also states in the said proceedings for a dominion title that he acquired the said lot by purchase in an adjudication of payment by Julio P. Castro by deed of June 5, 1919; that Castro acquired it by purchase from Julio Otero by a deed of July 15, 1917, and Otero also acquired it by purchase from Monserrate

Cintrón on April 19, 1918, and the latter by inheritance of her father Fernando Cintrón who died in 1908, leaving as his sole heirs Monserrate Cintrón, Fernando and Ricardo Cintrón, who transferred their respective shares to the co-heir Monserrate Cintrón by title in 1911.

"6. That the court, in making the ocular inspection of the property alleged by the defendants to belong now to Salvador Guerra, found that the brick house with roof and balcony described in the first paragraph of these findings occupies the whole frontage of the property and consists of the main body of the house and an L which extends to the bottom of the whole lot and is surrounded by a brick wall starting from the main body of the house to the bottom from west to east, and between the L to the bottom of the wall on the northern side there is a yard which is a part of the house. The house was seriously damaged by the earthquake and can not be occupied, it being clearly noticed that it was built a long time ago and that the whole building or the main body of the house and the L together with its yard and the land where it stands constitute a single property which was acquired by defendant Antonio Solo who instituted the dominion proceedings for the excess in the size of the lot after comparing it with its measurements as to the front and length as shown by the documents.

"In view of the foregoing findings the court arrives at the conclusion that the property in controversy which is now owned by defendant Salvador Guerra consists of a house having a main body and an L, a yard and the portion of the lot occupied by the same, that the total area formed by the 188 meters, 45 centimeters and 12 milimeters as shown by the deed of defendant Antonio Solo Bolet by multiplying the size of its frontage by its length and from the dominion proceedings made up of the excess in the area for 269 meters and 77 centimeters; the said property having been originally sold by Monserrate Cintrón without any mention of the total area of the lot, which is all surrounded by brick walls on the northern and eastern sides, the said property being in possession of the former owners down to the present defendant Guerra, as a single property, and therefore a judgment should be entered dismissing the complaint in every respect, with costs.—Mayagüez, February 11, 1921."

Now while the complainant presented written evidence tending perhaps to show a title in her of the property in ques-

tion, yet the court, as we have seen, found that the land or house occupied by the defendant was an entirety and had been so for a long period.

The conclusion of the court is consistent with an original title in defendant, or that an acquisitive title by prescription had arisen, one of the defences raised by appellee. The latter result is justified by the proof, supposing that originally the predecessors in title took possession of more land, or of a house that did not strictly fall within the metes and bounds described in the titles.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.